UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RONNIE WARD, ET AL.          CIVIL ACTION NO. 20-1511
      PLAINTIFF

VS.                    JUDGE TERRY A. DOUGHTY

CROSS KEYS BANK          MAG. JUDGE KAREN L. HAYES

**APPELLEE, CROSS KEYS BANK'S (i) MOTION TO DISMISS[1] APPEAL, (ii) OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE A STATEMENT OF ISSUES AND A DESIGNATION OF THE RECORD, (iii) RESPONSE TO NOTICE OF FAILURE TO PERFECT BANKRUPTCY APPEAL AND (iv) PRAYER FOR RELATED RELIEF**

NOW INTO COURT, through undersigned counsel, comes Cross Keys Bank ("**CKB**"), which files this combined Motion to Dismiss Appeal, Opposition to Motion for Extension of Time to File Statement of Issues and a Designation of the Record (D.E. 7), the Response requested by D.E. 4 to the Notice of *Failure to Perfect Bankruptcy Appeal* (D.E. 2), and a Prayer for Related Relief (collectively "Response"). In support of its Response, CKB states as follows:

**I. BACKGROUND**

To assist in the Court's consideration of this Response, a brief, summary re-introduction to three inter-related proceedings in the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court"), namely, one bankruptcy case, and two adversary proceedings related to the bankruptcy is included herein. This Court has previously considered facts regarding each of these cases through prior proceedings, specifically via two notices of removal first filed here, which were then referred to the Bankruptcy Court under this Court's Local Rules, and via

---

[1] Pursuant to Bankruptcy Rule 8013(a)(2)(D), this Motion has been filed with an incorporated memorandum, rather than a separate brief in support thereof, and a proposed order has not been submitted, but can be submitted upon request from the court.

this Court's consideration of and ruling on a motion to withdraw the reference in the first removed action/adversary. *See* Dist. Ct. Case Nos. 20-900; 20-942; 20-1294. Moreover, at present two docket numbers have been created in this Court to address purported notices of appeal, one allegedly filed in the first, removed action/adversary, which is this case, Dist. Ct. Case No. 20-1511, and one filed in the bankruptcy case, Dist. Ct. Case No. 20-1467[2].

For purposes of this Response, the focus will be on actions taken or not taken in regard to the first removed action/adversary. However, since certain actions taken in the second removed action/adversary and the bankruptcy case are relevant, CKB will provide this Court with a brief background of those matters as well.

The bankruptcy at issue is the bankruptcy of Karcredit, L.L.C. ("Karcredit"), which was filed on July 17, 2020, as an involuntary chapter 7 proceeding under title 11 of the United States Code ("Bankruptcy Code") in the Bankruptcy Court, Case No. 20-30681 ("Bankruptcy Case"). On August 11, 2020, the Bankruptcy Court entered an order for relief against Karcredit. *See* Bankr[3]. D.E. 3 and 7. Karcredit is now a chapter 7 debtor, and a chapter 7 trustee has been appointed, namely, John Clifton Conine ("Trustee").

Based on its relationship to the Bankruptcy Case, CKB removed a state court lawsuit to the United States District Court for the Western District of Louisiana ("District Court"), which it filed

---

[2] CKB requests that this Court take judicial notice of any public records including documents in the records of this or other courts as pertinent under the law. This includes, but is not limited to, all docket entries in this court or the bankruptcy court cited herein. *See e.g., In re Matter of Elmwood Dev. Corp.*, 964 F.2d 508, 512 n. 13 (5thCir. 1992) ("bankruptcy court may take judicial notice of the record in prior related proceedings"); *In re Arhens*, 120 B.R. 852, 854 (Bankr. S.D. Tx. 1990) ("a court may take judicial notice of its own records," including "docket entries and pleadings filed in bankruptcy cases and adversary proceedings in" the federal district).

[3] Citations to the docket of the Bankruptcy Case will appear as "Bankr. D.E. ____"; citations to the First Adversary defined further herein may appear as "F.A. ____," and citations to the Second Adversary defined herein may appear as "S.A. ____."

before the Bankruptcy Case in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, namely, *Cross Keys Bank v. Ronnie Ward, et al*, No. C-2019-1665 ("First Removed Action"). The First Removed Action was initially assigned case number 20-900 by this Court. The full record of the First Removed Action as of the date of removal is featured at D.E. 1 of that District Court case, and in D.E. 2 of the District Court case opened to adjudicate the later filed motion to withdraw the reference, District Court case no. 20-942.

Per District Court Local Civil Rule 83.4.1, immediately after its removal, this Court referred the First Removed Action to the Bankruptcy Court[4], and, subsequently denied a Motion to Withdraw the Reference of that action to the Bankruptcy Court filed by Ronnie D. Ward and Sharon Ward (collectively the "Wards"). *See* Dist. Ct. Case No. 20-942, D.E. 12. The First Removed Action has been assigned adversary case number 20-3011 in the Bankruptcy Court (the "First Adversary" cited as "F.A.").

An examination of the docket of the First Adversary reveals the habitual procedural errors of the Wards. Several duplicate entries appear on the docket. F.A., D.E. 18, 56. Failures to file and or serve notices of hearing are also noted on the docket. (F.A., D.E. 14; and docket entry between D.E. 57 and 58 on CM/ECF docket sheet noting notice of hearing unfiled). Unsigned pleadings have been filed by counsel for the Wards. Docket entry, F.A., D.E. 68, and D.E. 82. While errors occasionally occur in any human endeavor, the consistent, habitual, procedural errors in the First Adversary, and indeed in the three inter-related proceedings discussed herein, have confused the records of and delayed these matters.

On September 3, 2020, the Bankruptcy Court entered orders in that First Adversary denying motions to remand and abstain filed by the Wards (F.A., D.E. 49 and 50), for the reasons

---

[4] *See* District Court case 20-900, D.E. 2.

it recited on the record at the conclusion of the September 3, 2020 (the "September Hearing"). A transcript of the September Hearing, including the ruling of Bankruptcy Court, appears at F.A., D.E. 64 (the "Transcript"). After the September Hearing, the Bankruptcy Court entered a scheduling order in the First Adversary, F.A., D.E. 51. The First Removed Action remains as the First Adversary case in the Bankruptcy Court and is pending adjudication there.

In its ruling at the conclusion of the September Hearing, the Bankruptcy Court specifically held that certain claims and causes of action "are now owned by the [D]ebtor *or* are co-owned between the [D]ebtor and non-debtor parties and are subject to the trustee's administration pursuant to Section 541 of the Bankruptcy Code," (hereafter the "Estate Claims") *See* Transcript at 48:14-17 (emphasis added).

On September 14, 2020, just eleven days after the entry of the order (F.A., D.E. 50) denying the Wards' motion to remand (filed as the "Second Motion to Remand" and called herein the "Motion to Remand") (F.A., D.E. 33), and the entry of the order (F.A., D.E. 49) denying the Wards' "Motion to Abstain and Require Plaintiff to Pay Attorney Fees and Expenses" (F.A., D.E. 12) ("Motion to Abstain"), the Wards filed a "Motion for New Trial," ("Motion for New Trial") and a "Memorandum In Support of New Trial." F.A., D.E. 55 and 55-1.

The Wards filed a Notice of Hearing (F.A., D.E. 58), setting the hearing on their "Motion for New Trial" on November 12, 2020.

Three days after filing the Motion for New Trial, and fourteen days after the Bankruptcy Court entered its orders denying the Motion to Abstain and Motion to Remand, on September 17, 2020, the Wards and Car King, LLC, without seeking authority from the Bankruptcy Court to do so, filed a new state court case asserting the Estate Claims with the Fourth Judicial District Court,

Ouachita Parish, State of Louisiana, namely, *Ronnie Ward, et al v. Cross Keys Bank, et al*, No. C-20202474.

On October 2, 2020, three defendants in the second state suit, including CKB, removed it to the District Court on the basis that it is related to the Bankruptcy Case *inter alia* since it consisted of Estate Claims. The removing parties requested that the District Court refer the removed lawsuit to the Bankruptcy Court pursuant to District Court Local Civil Rule 83.4.1. *See* Dist. Ct. Case No. 20-1294. The District Court promptly acted on that request, referring the second removed state court lawsuit to the Bankruptcy Court, where it was assigned case number 20-03014 (hereafter the "Second Adversary" or in citation form "S.A."). *See* Dist. Ct. Case No. 20-1294, D.E. 3.

On October 14, 2020, CKB, later joined by the Trustee, filed a *Motion for Entry of An Order Enforcing the Automatic Stay and Related Court Orders and Incorporated Memorandum* (collectively the "Motion to Enforce Stay") in the Bankruptcy Case, asserting *inter alia* that the filing of the second state court lawsuit by the Wards and Car King, LLC, on September 17, 2020, violated the automatic stay of 11 U.S.C. § 362, and requesting an order enforcing the stay, *inter alia* recognizing that the second state court lawsuit, then the Second Adversary, was invalid. (Bankr. D.E. 15 and 18). It was set for hearing on November 12, 2020. (Bankr. D.E. 16 and 19).

Before the hearing on the Motion to Enforce Stay, in an abundance of caution, CKB and another defendant in the Second Adversary filed a motion to dismiss that adversary pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable therein under Bankruptcy Rule 7012 ("Motion to Dismiss Second Adversary"), and also set it for hearing on November 12, 2020. S.A., D.E. 6 and 7. The notice of hearing clearly stated the response deadline was Thursday, November 5, 2020. *Id.* at 7. Further, under Bankruptcy Court Local Rule 9013-1(i),

"responsive pleadings and objections must be served and filed so as to be received not later than seven (7) days prior to the hearing date".

The Wards and Car King, LLC, plaintiffs in the Second Adversary, failed to file any opposition therein to the Motion to Dismiss Second Adversary on or before November 5, 2020. Literally, the day before the November 12, 2020, hearings, the Wards and Car King, LLC, without seeking court authority, filed a untimely "Opposition" to the Motion to Dismiss Second Adversary with an accompanying memorandum in support. S.A., D.E. 28 and 29. In the "Opposition," the following statement was made in an apparent attempt to justify the unauthorized, untimely filing:

> Unable to find the filed copy of the opposition and memorandum, Ronnie Ward, Sharon Ward, and Car King, LLC submit herewith this opposition and the memorandum internally dated October 16, 2020.

S.A., 20-3014, D.E. 28 at pg. 1.

As the Court will note, the memorandum filed in support of the Opposition contained a certificate of service that was undated, and that memorandum did not contain the date October 16, 2020, on any part thereof. S.A., D.E. 29.

At the hearings on November 12, 2020, the Bankruptcy Court granted the Motion to Enforce Stay, and pursuant thereto, orders were entered dismissing the Second Adversary without prejudice, and mooting the need to address the Motion to Dismiss Second Adversary. *See* Bankr. D.E. 29 and 30; and S.A., D.E. 30 and 31. The untimely opposition to the Motion to Dismiss Second Adversary and the alleged excuse provided by the Wards and Car King, LLC for it being untimely is critical to the Court's consideration of this Response.

On November 12, 2020, the Bankruptcy Court also denied the Motion for New Trial. (S.A., D.E. 94).

On November 24, 2020, twelve days after the entry of the order denying the Motion for New Trial, the Wards filed a "Notice of Appeal" in the First Adversary, F.A., D.E. 118, "from the order denying their motion to remand, R.20-03011 - #50; motion to abstain R.20-03011 -#49, and denial of new trial R.20-03011 - #97." F.A., 20-3011, D.E. 118 (the "November 24 Alleged Notice of Appeal".  Significantly, no document was attached to the "Notice of Appeal." *Id.* The "Notice of Appeal" refers to docket entry 97 for the "denial of new trial," that docket entry is merely a "Certificate of Mailing."

In relevant part, Bankruptcy Rule 8009(a)(1)(A) and (B), requires an appellant to file and serve (1) a designation of the items to be included in the record on appeal and (2) a statement of the issues to be presented on appeal within fourteen (14) days after the appellant files its notice of appeal.

At the end of December 8, 2020, fourteen (14) days after the November 24 Alleged Notice of Appeal was filed in the First Adversary, the Wards and Car King failed to file either a designation or a statement of the issues. Thus, on December 9, 2020, the Clerk of the Bankruptcy Court transmitted to this Court a "Failure to Perfect Bankruptcy Appeal Notice." *See* D.E. 2. That notice stated:

> Appellant having failed to comply with the requirements of Rule 8003 and/or 8009 of the Federal Rules of Bankruptcy Procedure, the above−captioned appeal has not been perfected. Therefore, this matter is hereby transmitted to the United States District Court for further action as it considers appropriate.

D.E. 2.

On December 10, 2020, this Court filed a document at D.E. 4 stating that Appellee CKB could file a response to the "Failure to Perfect Bankruptcy Appeal" no later than December 23, 2020.

Later on December 9, 2020, counsel for the Wards untimely filed a "Statement of Issues for Appeal" in the Bankruptcy Court. *See* F.A., D.E. 127. The Wards did not file a designation of items for inclusion in the record on appeal with their statement of issues.

On December 11, 2020, counsel for the Wards untimely filed two documents titled "Designation of Record for Appeal of Denial of Motions to Abstain and Remand" in the First Adversary with the Bankruptcy Court. *See* F.A., D.E. 128 and 129.

The Clerk of the Bankruptcy Court has transferred the December 9 Statement of Issues, and the December 11 Designation of the Record to this Court. *See* D.E. 3 and 5.

On December 11, 2020, after the expiration of the time to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal in relation to the November 24 Alleged Notice of Appeal, the Wards (joined without explanation by Car King, LLC, which was not listed on the notice of appeal and was never formally made a party to the First Adversary) filed a "Motion to Enlarge Time for Filing Statement of Issues and Designation of the Record for Appeal," ("Motion to Enlarge Time") and a Memorandum in Support thereof ("Memo to Enlarge Time") in the First Adversary. F.A., D.E. 130 and 131.

The Clerk of the Bankruptcy Court transferred the Motion to Enlarge Time and memorandum to this Court on December 17, 2020. D.E. 7. This Court has set a date of December 28, 2020, for filing oppositions to the that motion. *See* D.E. 10.

In an apparent attempt to justify his failure to timely file a statement of issues or designation of the record, in the Motion to Enlarge Time, counsel for the Wards and Car King, LLC (which again has not been made a party to the First Adversary) represents:

> Attached to this motion for extension of time is a copy of the designation of record bearing a certificate indicating that it was served on December 3, 2020, within the delay allowed.

D.E. 7 at pg. 1, ¶ 3. Again, as the Court will note, no such copy of a designation of record is attached to the Motion to Enlarge Time. Further, undersigned counsel represents it was not served with any designation of the record prior to his receipt of the designation received through CM/ECF electronic notice when F.A., D.E. 130 and 131 were filed in the First Adversary on December 11, 2020. The remainder of the Motion to Enlarge Time provides as follows:

> 4. Wards counsel did not have a statement of issues having a similar certificate indicating that it was filed on December 3, but mistakenly believed that both the statement of issues and the designation of the record had been filed timely.
>
> 5. When Ward received a notice that the appeal had not been perfected, he assumed the statement of issues had not been filed with the designation of the record.
>
> 6. When preparing this motion for extension of time for the late-filed specification of issues, Ward was unable to find the designation of the record in the docket report.

D.E. 7 at pg. 1, ¶¶ 4-6.

In the Memo to Enlarge Time (D.E. 7-1), counsel for the Wards makes similar representations. D.E. 7-1 at 1.

## II. LAW AND ARGUMENT

### A. The Motion to Enlarge Time.

As noted above, Bankruptcy Rule 8009(a)(1)(A) and (B) requires an appellant to file and serve (1) a designation of the items to be included in the record on appeal and (2) a statement of the issues to be presented on appeal within fourteen (14) days after the appellant files its notice of appeal.

The Wards[5] and Car King, a non-party, failed to file either a (1) a designation of the items to be included in the record on appeal or (2) a statement of the issues to be presented on appeal by December 8, 2020, the deadline for filing those documents.

---

[5] The Wards alone filed the relevant "Notice of Appeal," Car King, LLC, a non-party included in the Motion to Enlarge Time, was not listed therein. *See* F.A., 20-3011, at D.E. 118 and D.E. 130.

On December 11, 2020, after the period expired to timely file the foregoing documents, the Wards and Car King filed a Motion to Enlarge Time and Memo to Enlarge Time.  F.A., D.E. 130 and 131; D.E. 7.

Bankruptcy Rule 9006(b)(1) provides that when the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") require an act to be done by a certain date, and a motion for enlargement of the time to take that action is filed <u>AFTER</u> the expiration of the deadline, the court may grant enlargement of the time period only "for cause shown" and "where the failure to act was the result of excusable neglect." These are two separate requirements, "cause" must be established, as well as "excusable neglect". *See **In re Orosco***, Case No. 19-60038, 2020 WL 6054695, at *3 (Bankr. N.D. Tx. 2020). The party seeking relief under Bankruptcy Rule 9006(b)(1) bears the burden on both prongs of this test. *Id.*

**(1) The Wards have utterly failed to establish "cause" required by the first prong of the Bankruptcy Rule 9006(b) test.**

As to the "cause" requirement, courts "require that the movant explain why the party did not seek an enlargement before the deadline expired." *See id*. When an insufficient answer is found on this point, no further examination is required of the motion to enlarge, it should be denied without more. *Id.*

Neither the Motion to Enlarge Time nor the Memorandum to Enlarge Time establish this threshold "cause" for relief thereunder. First, as explained in the background section, the purported, primary justification set forth in the Motion to Enlarge Time is the unsupported allegation that a "certificate indicating the [designation of the record] was [timely] served on December 3, 2020," upon which movants' counsel claim to have relied, was "attached to" that motion. Contrary to counsel's representation to the Court, no such certificate was attached to the motion, nor the memo in support of it. *See* D.E. 7 at pg. 1, ¶ 3; D.E. 7-1.

The remaining alleged justifications in Motion to Enlarge Time, which appear in paragraphs 4-6, and in the Memorandum to Enlarge Time, appear at best to suggest movants' counsel relied on dates on his internal office copies of certain documents in his computer files. *See* D.E. 7 and 7-1. Such reasons utterly fail to establish "cause," here *inter alia,* particularly in light of the alleged justification this same counsel gave on November 11 of this year, 2020, for filing an untimely opposition to the Motion to Dismiss Second Adversary. There, as here, counsel stated that his memorandum was "internally dated" timely, and that he only realized later that it was not filed on the docket on that date. S.A., D.E. 28 at pg. 1. Here, one month later, counsel offers essentially the same excuse in an attempt to justify an untimely filing. And there, as here, he failed to actually provide a copy of the "internal" document bearing a timely date. This purported and unsupported justification can no longer serve as "cause" supporting relief from an untimely filing.

Moreover, this alleged justification cannot stand in light of the fact that the Wards' counsel timely filed a statement of issues and designation of the record in connection with the other appeal he has filed, the appeal filed in the Bankruptcy Case, *see* Bankr. D.E. 31 (the Notice of Appeal filed 11/13/2020), D.E. 39 (the Statement of Issues filed within fourteen days of the former on 11/18/2020), and D.E. 40 (the Designation of Items for Inclusion in the Record on Appeal filed within fourteen days of D.E. 31 on 11/18/2020); *see* Dist. Ct. Case No. 20-1467.   Counsel demonstrated there that he was (1) aware of the relevant fourteen-day filing requirement, and (2) that he is able to comply with it.

**(2) The "excusable neglect" prong of the Bankruptcy Rule 9006(b) test likewise has not been satisfied.**

The test for the "excusable neglect" component of Bankruptcy Rule 9006 was established in ***Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership***, 507 U.S. 380

(1993). *See **In re Orosco***, 2020 WL 6054695, at *3. As discussed in *Pioneer*, whether neglect will be considered "excusable," is a determination that "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include [but are not limited to] the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See **Pioneer***, 507 U.S. at 395.

However, it is paramount that the Court bear in mind that this requirement was designed to "deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of willing permissive reprieve under" Bankruptcy Rule 9006(b)(1). *Id.* "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *See **In re Orosco***, 2020 WL 6054695, at *4. And "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule, and where the rule is entirely clear … a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." *Id.*

Further, the Supreme Court has made it clear that denying relief requested on the basis of a lack of "excusable neglect" does not inappropriately penalize clients for the omissions of their attorneys; per the Court, there is no merit to such contentions. *See **Pioneer***, 507 U.S. at 396.

Here the reason provided by movants for the untimely filing and for the proposed enlargement rings hollow. As explained above, the documentation, which counsel claims to have attached to the Motion to Enlarge Time and that purports to justify the relief requested, was in fact not attached to the motion. Further, counsel made this same argument for his untimely filing one month ago in the Bankruptcy Case to the Bankruptcy Court, *i.e.*, he had notice of this potential issue with his files. Conspicuously, in that case counsel likewise failed to attach supporting

"internal" documentation from his computer files on which he based his justification for his untimely filing.

Additionally, as explained above, counsel's recent missed deadline/procedural error is only the latest in a long-standing pattern by counsel for the Wards in these related matters, all of which delay the proceedings and increase the costs to the prejudice of the other parties involved, including CKB. The Fifth Circuit has recognized the fundamental concept that, particularly in bankruptcy cases, time is of the essence, and thus delays are inherently prejudicial. *See generally **In re Kollinger***, 551 Fed. Appx. 104, 108-09 (5thCir. 2013).

Considering the foregoing, the Wards have utterly failed to meet their burden to establish "excusable neglect," and thus this Court should deny their Motion to Enlarge Time and completely disregard their unauthorized and untimely statement of issues and designation of the record.

**B. Motion to Dismiss, Response to Failure to Perfect Bankruptcy Appeal Notice, and Prayer for Related Relief.**

**(1) This Court should dismiss this appeal based on its lack of jurisdiction over it.**

The Fifth Circuit has held that without the timely filing of a notice of appeal, a district court does not have jurisdiction to consider an appeal from a bankruptcy court. ***See Smith v. Gartley (In re Berman-Smith)***, 737 F.3d 997, 1003 (5th Cir. 2013). Thus, this Court does not have jurisdiction over this appeal because the Wards failed to file a "Notice of Appeal" in accordance with the mandatory requirements of Bankruptcy Rule 8003, *i.e.*, with the order(s) appealed from physically attached to it, within the required time period, here that was within fourteen days of the denial of the Motion for New Trial.

Because the Wards filed their Motion for New Trial within fourteen days of the Bankruptcy Court's decision on the Motion to Remand and Motion to Abstain, this tolled the time to file a

notice of appeal until fourteen days following a decision on the Motion for New Trial. *See* Bankruptcy Rule 8002(b)(1).

On November 24, 2020, twelve days after the entry of the order denying the Motion for New Trial, the Wards filed the subject "Notice of Appeal" in the First Adversary, F.A., D.E. 118, the "November 24 Alleged Notice of Appeal". No order or other document was attached to the "Notice of Appeal." *Id.* This was the only "Notice of Appeal" filed to attempt to appeal the orders on the Motion to Remand, Motion to Abstain and Motion for New Trial in the First Adversary.

Accordingly, the Wards (appellants) failed to comply with Bankruptcy Rule 8003(a)(3), which states that "[t]he notice of appeal must: . . . (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed ...." (emphasis added)." That language "accompanied by" in Bankruptcy Rule 8003(a)(3) contrasts with the more lenient language of Rule 3(c)(B) of the Federal Rules of Appellate Procedure, which requires only that a notice of appeal "designate" the judgment appealed. The language of Bankruptcy Rule 8003(a)(3) requires that an appellant attach or affix the order being appealed to his notice of appeal. *See **Colvin v. Amegy Mortg. Co., LLC***, 537 B.R. 310, 312 and n. 1 (W.D. Tx. 2015).

"Because the timely filing of a notice of appeal is jurisdictional, failure to file a notice of appeal in accordance with the requirements of [Bankruptcy] Rule 8003 within the required time period defeats jurisdiction." ***Matter of Dorsey***, 870 F.3d 359, 363 (5thCir. 2017). In *Dorsey*, the Fifth Circuit recognized that "Courts are divided over whether technical failures to follow the requirements of [Bankruptcy] Rule 8003 [, including the aforementioned attachment requirement,] must defeat jurisdiction." *Id.* However, in *Dorsey* the Fifth Circuit went on to find that a purported notice of appeal filed by the appellant in that case was insufficient to generate jurisdiction, in part,

because the order allegedly appealed was not physically attached to the alleged notice of appeal in accordance with Bankruptcy Rule 8003(a)(3). *Id.* at 364.

Here, like *Dorsey*, the failure of the Wards to attach the order(s) appealed from to the November 24 Alleged Notice of Appeal means that no "Notice of Appeal" meeting the requirements of Bankruptcy Rule 8003 was filed within the required time period to appeal the Bankruptcy Court orders on the Motion to Remand, Motion to Abstain and Motion for New Trial in the First Adversary. Consequently, this Court does not have jurisdiction over this appeal and must dismiss it.

**(2) Alternatively, this Court should dismiss this appeal under Bankruptcy Rule 8003.**

This Court also should dismiss this appeal under Bankruptcy Rule 8003. In relevant part, Bankruptcy Rule 8003(a)(2) states:

> An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissal of the appeal.

Bankruptcy Rule 8003(a)(2).

As noted above, in filing a "Notice of Appeal" without physically attaching the orders appealed from to it, the Wards have violated Bankruptcy Rule 8003(a)(3). If that does not vitiate this Court's jurisdiction over the appeal, at the very least it is a procedural defect which has been held to support dismissal of a bankruptcy appeal under Bankruptcy Rule 8003(a)(2). *See e.g.*, *Colvin*, 537 B.R. at 316 ("Because Colvin failed to attach a copy of any order to any of his notices of appeal, the Court finds that Colvin has violated [Bankruptcy] Rule 8003(a)(3)(b). Given this failure, and the other pleading failures in this case, the Court would exercise its discretion provided in Rule 8003(a)(2) to dismiss the appeal"); *see also* **White v. United States Trustee Community Bank, Coast**, Case No. 18-66, 2018 WL 1096854, at *2 and n.2 (S.D. Miss. 2018) (same).

In considering whether to dismiss this appeal under Bankruptcy Rule 8003(a)(2) the Court must take into account that under the analysis above, the Wards also have failed to lawfully file (1) a designation of the items to be included in the record on appeal and (2) a statement of the issues to be presented on appeal in compliance with Bankruptcy Rule 8009(a)(1)(A) and (B).

Under the Fifth Circuit's decision in *In re CPDC, Inc.*, 221 F.3d 693, 698 (5thCir. 2000), this constitutes sufficient "obstinately dilatory conduct" meriting dismissal under Bankruptcy Rule 8003(a)(2). As in *Obersteller v. Select Portfolio Servicing*, Case No. 06-451, 2007 WL 437790 (S.D. Tx. 2007), the combination of multiple procedural infractions, and frivolous arguments levied to justify those deficiencies, leads to a critical mass equating to what the Fifth Circuit characterized as "obstinately dilatory conduct" in *CPDC*. In *Obersteller*, it was the failure to timely file a brief, to file a designation of the record and issues on appeal, and a failure to pay filing fees, and then frivolous arguments to attempt to justify the failure to pay filing fees. Here, there is the failure to file a Notice of Appeal complying with Bankruptcy Rule 8003(a)(3), the failure to file a statement of issues on appeal, the failure to file a designation of the record on appeal, and then frivolous, empty and unsupported arguments in an attempt to support the Motion to Enlarge Time to file the statement of issues and designation of the record.

Further, the pattern of procedural errors and the confusion and delay associated with those errors in these interrelated cases, recounted in the background section above, equates to "obstinately dilatory conduct" sufficient to support dismissal of this appeal under Bankruptcy Rule 8003(a)(2). *See In re Primera Energy, LLC*, 609 B.R. 49, 59-60 (Bankr. W.D. Tx. 2019) (finding further support for dismissal under Bankruptcy Rule 8003(a)(2) by noting "obstinately dilatory conduct" throughout the history of the underlying case). As in *Primera*, given this constant,

consistent history of procedural violations, sanctions shy of dismissal, such as monetary sanctions, would likely have little effect on the process. *See id* at 60.

The delays and costs associated with evaluating and responding to each procedural error are significant, and are enhanced in the context of bankruptcy, where time is the essence of prejudice." *See e.g.*, ***Pyramid Mobile Homes, Inc. v. Speake***, 531 F.2d 743, 746 (5thCir. 1976).

**(3) Further in the alternative, CKB prays for such relief as this Court deems appropriate.**

CKB strongly urges this Court to dismiss this appeal. However, if this court decides not to dismiss this appeal, CKB requests that this Court enter such sanctions against the Wards as it deems appropriate under Bankruptcy Rule 8003(a)(2). At the very least, CKB submits that the Wards should not be allowed to amend the statement of issues or the designation of the record filed in relation to this appeal, that the Court specifically limit the scope of the Wards' appellate brief to matters specifically raised in their filed statement of issues, and that CKB be given fourteen additional days from the Court's ruling on this Response/Motion to file any additional, supplemental designation of the record it deems appropriate.

### III. CONCLUSION.

For the reasons stated herein, CKB prays that in consideration of this Response/Opposition/Motion, that the Court deny the Motion to Enlarge Time (D.E. 7) and that the Court grant CKB's prayer herein for an order dismissing this appeal, and or for any and all other such relief as it deems appropriate.

Respectfully submitted,

WIENER, WEISS & MADISON, A.P.C.

By:   /s/ Patrick L. McCune
WIENER, WEISS & MADISON, A.P.C.
Patrick L. McCune (La. Bar No. 31863)

445 Louisiana Avenue
Baton Rouge, Louisiana 70802
Tel: 225-910-8084
Fax: 225-910-8082
Email: pmccune@wwmlaw.com

And

WIENER, WEISS & MADISON, A.P.C.
R. Joseph Naus (La. Bar No. 17074)
Seth Moyers (La. Bar No. 32607)
330 Marshall Street, Suite 1000 (71101)
P. O. Box 21990
Shreveport, Louisiana 71120-1990
Tel: 318-213-9244
Fax: 318-424-5128
Email: rjnaus@wwmlaw.com
Email: smoyers@wwmlaw.com

**ATTORNEYS FOR APPELLEE,
CROSS KEYS BANK**


## CERTIFICATION PURSUANT TO BANKRUPTCY RULE 8013(f)(3)

Pursuant to Bankruptcy Rule 8013(f)(3), undersigned counsel certifies that the body of this

motion contains 5,188 words.

<u>/s/ Patrick McCune</u>
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that copies of the above and foregoing *Motion to Dismiss Appeal,*

*Opposition to Motion for Extension of Time to File Statement of Issues and a Designation of the*

*Record (D.E. 7), Response requested by D.E. 4 to the Notice of Failure to Perfect Bankruptcy*

*Appeal (D.E. 2), and Prayer for Related Relief* has been served by electronic mail through

CM/ECF upon appellants' counsel, Mr. James A. Rountree:

James A. Rountree

Rountree Law Offices
400 Hudson Lane
Monroe, LA 71201
Email: jim@jrountree.com

*Attorney for appellants Ronnie Ward and Sharon Ward*

Baton Rouge, Louisiana this 23rd day of December, 2020.

<u>   */s/ Patrick L. McCune*   </u>
Of Counsel