UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CROSS KEYS BANK** | **CIVIL ACTION NO. 3:20-cv-01511** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RONNIE WARD, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending here is Appellee Cross Keys Bank's ("Appellee" or "Cross Keys") Second Motion to Dismiss Appeal [Doc. No. 23], wherein Cross Keys seeks to have a bankruptcy appeal filed by Ronnie Ward and Sharon Ward ("Appellants" or "the Wards") dismissed. For the following reasons, the motion is GRANTED, and the appeal is DISMISSED.

**I.   FACTS AND PROCEDURAL HISTORY**

This matter arises from three inter-related proceedings in the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court"), namely, one bankruptcy case and two adversary proceedings related to the bankruptcy.

By way of background, Ronnie Ward was a principal in three businesses that had substantial loans from Cross Keys. [See Appellant's Brief, Case No. 3:20-CV-1467, Doc. No. 10]. The first was a Toyota dealership in Ruston, Louisiana. The second was the "brother-sister business" of JD Byrider ("Byrider") and Karcredit, LLC ("Karcredit") [*Id*.]. Byrider sold used cars that were financed by Karcredit, and both received financing from Cross Keys. The third was Car King, LLC, a used car dealership in West Monroe, Louisiana.

The bankruptcy at issue is the bankruptcy of Karcredit, which was filed on July 17, 2020, as an involuntary chapter 7 proceeding under Title 11 of the United States Code ("Bankruptcy Code") in the Bankruptcy Court, Case No. 20-30681 ("Bankruptcy Case"). On August 11, 2020,

the Bankruptcy Court entered an order for relief against Karcredit. Karcredit is now a chapter 7 debtor, and a chapter 7 trustee has been appointed, namely, John Clifton Conine ("Trustee").

Based on its relationship to the Bankruptcy Case, Cross Keys removed a state court lawsuit to the United States District Court for the Western District of Louisiana ("District Court"), which it filed before the Bankruptcy Case, in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, namely, *Cross Keys Bank v. Ronnie Ward, et al*, No. C-2019-1665 ("First Removed Action"). Per District Court Local Civil Rule 83.4.1, immediately after its removal, this Court referred the First Removed Action to the Bankruptcy Court. The First Removed Action has been assigned adversary case number 20-3011 in the Bankruptcy Court (the "First Adversary").

On September 3, 2020, the Bankruptcy Court entered orders in the First Adversary denying motions to remand and abstain filed by the Wards for the reasons it recited on the record at the conclusion of the September 3, 2020 (the "September Hearing"). After the September Hearing, the Bankruptcy Court entered a scheduling order in the First Adversary. The First Removed Action remains as the First Adversary case in the Bankruptcy Court and is pending adjudication there.

In its ruling at the conclusion of the September Hearing, the Bankruptcy Court specifically held that certain claims and causes of action "are now owned by the [D]ebtor or are co-owned between the [D]ebtor and non-debtor parties and are subject to the trustee's administration pursuant to Section 541 of the Bankruptcy Code," (hereafter the "Estate Claims").

On September 14, 2020, the Wards filed a motion for new trial. The Wards also filed a Notice of Hearing, setting the hearing on their motion on November 12, 2020.

On September 17, 2020, the Wards and Car King, LLC, without seeking authority from the Bankruptcy Court to do so, filed a new state court case asserting essentially identical claims to the

Estate Claims with the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, namely, *Ronnie Ward, et al v. Cross Keys Bank, et al,* No. C-2020-2474.

On October 2, 2020, three defendants in the second state suit, including Cross Keys, removed it to the District Court on the basis that it is related to the Bankruptcy Case because it consisted of Estate Claims. The removing parties requested that the District Court refer the removed lawsuit to the Bankruptcy Court pursuant to District Court Local Civil Rule 83.4.1. The District Court acted on that request, referring the second removed state court lawsuit to the Bankruptcy Court, where it was assigned case number 20-03014.

On October 14, 2020, Cross Keys, later joined by the Trustee, filed a Motion for Entry of An Order Enforcing the Automatic Stay and Related Court Orders and Incorporated Memorandum (collectively the "Motion to Enforce Stay") in the Bankruptcy Case, asserting, that the filing of the second state court lawsuit by the Wards and Car King, LLC, on September 17, 2020, violated the automatic stay of 11 U.S.C. § 362, and requesting an order enforcing the stay and recognizing that the second state court lawsuit, then the Second Adversary, was invalid. It, too, was set for hearing on November 12, 2020.

Before the hearing on the Motion to Enforce Stay, Cross Keys and another defendant in the Second Adversary filed a motion to dismiss that adversary pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable therein under Bankruptcy Rule 7012 ("Motion to Dismiss Second Adversary"), and also set it for hearing on November 12, 2020. The notice of hearing stated the response deadline was Thursday, November 5, 2020. Further, under Bankruptcy Court Local Rule 9013-1(i), "responsive pleadings and objections must be served and filed so as to be received not later than seven (7) days prior to the hearing date."

The Wards and Car King, LLC, plaintiffs in the Second Adversary, failed to file any opposition therein to the Motion to Dismiss Second Adversary on or before November 5, 2020. On the day before the November 12, 2020, hearings, the Wards and Car King, LLC, without seeking court authority, filed an untimely "Opposition" to the Motion to Dismiss Second Adversary with an accompanying memorandum in support.

At the hearings on November 12, 2020, the Bankruptcy Court granted the Motion to Enforce Stay, and pursuant thereto, orders were entered dismissing the Second Adversary without prejudice, mooting the need to address the Wards and Cark King, LLC's Motion to Dismiss Second Adversary on the basis of lack of jurisdiction.

On November 12, 2020, the Bankruptcy Court also denied the Wards' Motion for New Trial.

On November 24, 2020, Appellants, the Wards, filed a Notice of Appeal of the rulings of the bankruptcy judge denying their motion to remand, their motion to abstain, and their motion for a new trial on the denial of the first two motions [Doc. No. 1]. The Wards did not seek leave of court to file an appeal of an interlocutory order.[1]

The Wards failed to timely file their (a) statement of issues for appeal and (b) a designation of items to be included in the record on appeal within fourteen days after filing their notice of appeal, as required by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This led the Clerk of the United States Bankruptcy Court for the Western District of

---

[1] The denial of a motion to remand is an interlocutory order not usually subject to immediate appeal. *Alvarez v. Midland Credit Management*, *Inc*., 585 F.3d 890 (5th Cir. 2009); *see also In re Cella III, LLC*, No. 19-14380, 2020 WL 210276 (E.D. La. Jan. 14, 2020) (treating appeal of denial of motion to abstain as an appeal of an interlocutory order).

Louisiana ("Bankruptcy Court") to transmit a "Failure to Perfect Bankruptcy Appeal Notice" ("Notice") to this Court on December 9, 2020 [Doc. No. 2].

On December 17, 2020, and after the time for filing a statement of issues for appeal and designating a record for appeal had already expired, the Wards filed a Motion for Extension of time to file those documents and thus comply with Bankruptcy Rule 8009(a)(1) ("Motion for Extension of Time") [Doc. No. 7].

On December 23, 2020, Appellee, Cross Keys, filed its first Motion to Dismiss Appeal and its opposition to the Wards' Motion for Extension of Time [Doc. No. 11]. On January 11, 2021, the Court issued a memorandum ruling and order that denied Cross Key's First Motion to Dismiss Appeal and granted the Wards' Motion for Extension of Time [Doc. Nos. 19, 20].  In its Memorandum Ruling, the Court noted that "[t]here is ... no dispute that the Wards' Statement of Issues for Appeal and Designation of Record were not [timely filed]." [Doc. No. 19, p. 2]. The Court also agreed that "[o]bstinately dilatory conduct may result in dismissal of an appeal," citing *In re CPDC, Inc.*, 221 F.3d 693 (5th Cir. 2000) but noted "this Court does not feel it necessary to examine that issue at this point in the litigation." [*Id.*, p. 3].

After granting the Wards their requested extension of time to file their statement of issues and their designation of items for inclusion in the record for appeal, on January 22, 2021, the Court entered a "Notice of Setting Bankruptcy Appeal," [Doc. No. 21], which provided that the Wards "shall serve and file [their] brief by February 22, 2021."

This was an extension of the original deadline for the Wards to file their brief with this Court. Under Bankruptcy Rule 8018(a)(1), the Wards were initially required to file their appeal brief within thirty (30) days of the docketing of notice that the record had been transmitted from the Bankruptcy Court to this Court, which occurred on January 14, 2021, as recorded on the

5

PACER docket of this case, between docket entries 20 and 21. Thirty days after that date would have been February 13, a Saturday, making the brief due the following Monday, February 15, 2021, six days before the new deadline of February 22. *See* Bankruptcy Rule 9006(a)(1)(C) (convention for counting time).

The Wards failed to file their brief on or before February 22, 2021. On March 18, 2021, Cross Keys filed the pending Second Motion to Dismiss Appeal, on the grounds that the Wards had not yet filed their brief that was due on the extended deadline of February 22, 2021 [Doc. No. 23, p. 3].

On March 19, 2021, the Wards filed a Motion to Excuse Late Filed Brief [Doc. No. 29]. On March 22, 2021, the Court denied the motion, finding that the Wards had given no valid reason to excuse the late filing of their brief [Doc. No. 31].

Additionally, by minute entry filed March 18, 2021, the Wards were directed to file a memorandum no later than March 25, 2021, to explain why their appeal should not be dismissed as the appeal of an interlocutory order or decree in accordance with 28 United States Code 158 and Bankruptcy Rule 8004 [Doc. No. 25]. To date, the Wards have not filed the requested memorandum.

## II. ANALYSIS

### A. Appellants' Failure to Obtain Leave of Court to Appeal

District courts have jurisdiction to hear appeals from interlocutory bankruptcy court orders and decrees, but the district courts must first grant appellants leave to appeal. 28 U.S.C. § 158(a)(3). Here, the Wards failed to request leave to appeal. Therefore, for that reason alone, the appeal must be DISMISSED.

Assuming *arguendo* that the Wards had requested leave to appeal, there is not a substantial likelihood that the Court would have granted leave. Section 158 does not provide a standard to guide district courts' discretion in deciding whether to grant leave. Although the Fifth Circuit has expressly reserved the question,[2] district courts within the Fifth Circuit look to the factors under 28 U.S.C. § 1292(b) to determine whether to grant leave.[3] Thus, an appellant seeking review of an interlocutory order must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the bankruptcy court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

"The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001) (citation omitted). "Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted); *see Gallinghouse v. Black*, 2016 WL 3033667, at *3 (E.D. La. May 27, 2016). Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances. *See Sims*, 425 B.R. at 290; *In re Turner*, 1996 WL 162110, at *1 (E.D. La. Apr. 3, 1996); *Barkley v. U.S. ex rel. U.S. Dep't of Treasury*, 2007 WL 3445136, at *3 (W.D. La. Nov. 13, 2007). Specifically, "The party seeking interlocutory review has the burden of persuading the court

---

[2] *See Matter of Ichinose*, 946 F.2d 1169 (5th Cir. 1991).

[3] *See Matter of Ichinose*, 946 F.2d at 1177 (noting that district courts routinely follow § 1292(b) when considering whether to grant an interlocutory appeal of a bankruptcy court order); *see, e.g., Swank v. L & J Tr.*, 2010 WL 2218181, at *2 (W.D. La. May 28, 2010); *Chartis Specialty Ins. Co. v. Askanase*, 2011 WL 1237939, at *2 (S.D. Tex. Mar. 31, 2011); *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011); *Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 289 (W.D. La. 2010); *Chambers v. First United Bank & Trust Co.*, 2008 WL 5141264, at *1 (E.D. Tex. Dec. 5, 2008).

that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after final judgment." *In re Delta Produce*, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013).

Here, a review of the record does not reveal exceptional circumstances that would justify a departure from the basic policy of postponing appellate review until after final judgement. Therefore, had the Wards requested leave, there is not a substantial likelihood that the Court would have granted leave.

### B. Appellants' Failure to Timely File their Brief

Assuming *arguendo* that the Wards had requested and been granted leave to appeal, the Court would nevertheless grant Cross Keys' motion and dismiss the appeal based on the Wards' failure to take advantage of the extensions previously given them and file their brief on time. The Court notes that the Wards took no action to file their brief until they were prompted to do so by the filing of Cross Keys' Second Motion to Dismiss Appeal. If they had not been so prompted, the question arises as to when or if they would have ever filed their brief. Bankruptcy Rule 8018(a)(4) states:

> If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP [ Bankruptcy Appellate Panel], an appellee may move to dismiss the appeal-or the district court or BAP, after notice, may dismiss the appeal on its own motion.

The jurisprudence supports dismissal under the circumstances present here. *See Permula Corp. v. Pacheco*, 2019 WL 1231686 (W.D. Tx. 2019) (in a case, like this one, where court had previously granted extension to appellant for filing statement of issues and designation of the record, court granted motion to dismiss bankruptcy appeal filed when appellants missed their briefing deadline by twenty-five days); *In re Quevedo*, 35 B.R. 117 (D.P.R. 1983) (dismissing

bankruptcy appeal after appellant filed brief ten days late, following failure of appellant to timely file statement of issues and designation of the record, just like in this case, and noting further that: "It is clear that the time limits set by the Rules of Bankruptcy are intended to provide for an expeditious resolution of bankruptcy proceedings. These limits cannot be ignored. Mindful of the fact that time is the essence of prejudice to creditors, it is the role of this court to ensure that all appeals are diligently prosecuted so as to protect creditors from any prejudice.").

Additionally, the Fifth Circuit has repeatedly adhered to the following principle:

> As we have stated before, "[b]ankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution, and we have dismissed civil appeals for failure of prosecution when the appellant's brief was not timely filed.

*In re Matter of Pacheco*, 788 Fed. Appx. 288, 289-90 (5th Cir. 2019) (citing *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir. 1985) and *Cleveland Imaging & Surgical Hospital, L.L.C. v. Quinn (In re Cleveland Imaging & Surgical Hospital, L.L.C.)*, 690 Fed. Appx. 283, 287 (5th Cir. 2017)).

Although Cross Keys submits the record before this Court does establish such factors, the Fifth Circuit has made it clear that there is no requirement that a court find bad faith, negligence, or indifference prior to dismissing a bankruptcy appeal for failure to timely file a brief. See *In re Nikolai*, 5 F.3d 1495, at *3 (5th Cir. 1993). "Even the honest oversight of an appellant's attorney is sufficient grounds for dismissing a bankruptcy appeal for failure to timely file a brief." *Id*. at *2.

Finally, as Cross Keys asserts, the Fifth Circuit has verified that findings of prejudice are a natural result of unnecessary delays in bankruptcy appeals, which were designed to be more expedited than non-bankruptcy civil appeals. See *In re Nikolai*, 5 F.3d 1495, at *2-*3 and n. 4 (5th Cir. 1993). The Fifth Circuit has explained there is a public interest in the timeliness and finality of bankruptcy proceedings. *Id*.

### III. CONCLUSION

For the reasons set forth herein, Cross Keys' Second Motion to Dismiss Appeal [Doc. No. 23] is **GRANTED**. The Wards' appeal is **DISMISSED**.

Monroe, Louisiana, this 29th day of April, 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**